JACOB SCHMITT, Respondent, v. THE CITY OF NEW YORK and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

CLARA ALICE CROUCH, Respondent, v. IKE GEORGE CROUCH, Appellant. — Motion for stay denied, without costs. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

KARL FREUND, Plaintiff, v. JAMES P. SILO and JAMES P. SILO, JR., etc., Defendants.— Motion for stay denied, without costs. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

In the Matter of the Application of BEN BERG for Admission to the Bar. — Application granted. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

In the Matter of the Application of BRONX PARKWAY COMMISSION, Appellant, to Acquire Title to Lands of FREDERICK W. KRAFT and Others. WILLIAM H. KRAFT and JOHN KRAFT, as Executors, etc., Respondents.— The opinion referred to the piped water supply from the Bronx river and to a stipulation proffered on the hearing. But this was not part of the condemned parcel. It related to a claim for consequential damages arising from the factory's future needs for a tap water supply. The reversal was in disapproval of other damage estimates not based upon market value. Water rights are not excluded from such new appraisal. Such elements of value of the parcel taken by comparison with the remaining value of the factory lot, including loss of water, are left open for proof before a new commission. Motion for reargument denied, without costs. Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

In the Matter of the Proceedings Supplementary to Execution. THE VOGUE COMPANY, Respondent, v. EMILE FORQUIGNON, INC., Judgment Debtor, and EMILE FORQUIGNON, Appellant.— Motion for stay granted, on condition that appellant perfect the appeal, place the case on the calendar and be ready for argument at the May term; otherwise, motion denied, with ten dollars costs. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

ANNA C. LASSOE, Respondent, v. SAMUEL J. KROOKS and Another, Appellants. MARY McMAHON and Another, Defendants.— Motion denied. It is plain that the negotiations between McMahon and Furst were not an extension of the mortgage, *first*, because there is no evidence that Furst had authority to commit his client to an agreement of extension, and *second*, because the arrangement contemplated a formal written contract between the parties in interest. Such written instrument was never delivered because the obligor of the bond would not consent. There was no estoppel because there was no representation made by the mortgagee with intent that it should be acted on by a purchaser. The receipted bill of the attorney was not, and was not intended to be, such a representation. Mills, Rich, Putnam and Blackmar, JJ., concur; Jenks, P. J., not voting.

THEODORE I. SCHWARTZMAN, Respondent, v. PINES RUBBER COMPANY, INC., etc., Appellant.— Motion denied, without costs. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.